Citation Nr: 1456919 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-19 794 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to service connection for a back disorder. 

2. Entitlement to service connection for a bilateral foot disorder. 

3. Entitlement to service connection for a right knee disorder to include degenerative joint disease. 

4. Entitlement to service connection for a left knee disorder. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran
ATTORNEY FOR THE BOARD

J. T. Hutcheson, Counsel


INTRODUCTION

The Veteran is the appellant in the instant appeal. He had active service from November 1969 to August 1971. He served in the Republic of Vietnam and was awarded the Combat Action Ribbon. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision of the Milwaukee, Wisconsin, Regional Office (RO) which denied service connection for a back disorder, a bilateral foot disorder, and a bilateral knee disorder. In November 2014, the Veteran was afforded a hearing before the undersigned Veterans Law Judge. A hearing transcript was prepared and incorporated into the record. The Board has reviewed the physical claims file and both the Veterans Benefit Management System (VBMS) and the "Virtual VA" files. 

The Board has reframed the issues on appeal in accordance with the United States Court of Appeals for Veterans Claims' (Court) decision in Clemons v. Shinseki, 23 Vet. App. 1 (2009) (finding that a claim for benefits for one psychiatric disability also encompassed benefits based on other psychiatric diagnoses and should be considered by the Board to be within the scope of the filed claim). 


FINDINGS OF FACT

1. At the November 2014 Board hearing, the Veteran expressly withdrew his 
substantive appeal from the denial of service connection for a back disorder. 

2. At the November 2014 Board hearing, the Veteran expressly withdrew his substantive appeal from the denial of service connection for a bilateral foot disorder. 

3. A bilateral knee disability likely had its onset in service. 


CONCLUSIONS OF LAW

1. The issue of service connection for a back disorder has been withdrawn and no allegation of error of fact or law remains. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.204 (2014). 

2. The issue of service connection for a bilateral foot disorder has been withdrawn and no allegation of error of fact or law remains. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.204 (2014). 

3. A bilateral knee disability was incurred in active military service. 38 U.S.C.A. § 1110, 1131, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Withdrawal of Claims

At the November 2014 Board hearing, the Veteran expressly withdrew his appeal from the denial of service connection for both a back disorder and a bilateral foot disorder. 

A Veteran or his accredited representative may withdraw the Veteran's substantive appeal in writing at any time prior to the Board's promulgation of a decision. 38 C.F.R. § 20.204. The Board finds that the Veteran effectively withdrew his substantive appeal from the denial of service connection for both a back disorder and a bilateral foot disorder. Therefore, the Board concludes that no allegation of fact or law remains as to those issues. In the absence of such assertions, the Veteran's appeal as to those issues should be dismissed. 38 U.S.C.A. § 7105. 

Service Connection for the Bilateral Knees

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies to the instant claim. However, as the benefit sought is being granted, there is no reason to belabor the impact of the VCAA on this matter, since any error in notice or duty to assist omission is harmless. Accordingly, the Board will address the merits of the claim.

The Veteran seeks service connection for the bilateral knees. Specifically, he contends that knee pain began on basic training and worsened due to having to march in military gear and spending significant time in sustained kneeling while in Vietnam. Generally, in order to establish service connection, there must be: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In the present case, the July 2010 VA joint examination noted that X-ray studies of the knees revealed right knee osteophyte formation and bilateral tibial spine sharpening. The Veteran was diagnosed with bilateral knee tibial spine sharpening. Accordingly, despite the August 2013 VA examiner's opinion that there was no current diagnosis, the Board finds that the osteophyte formation and diagnosis of bilateral tibial spine sharpening are sufficient to satisfy the first prong of service connection. McClain v. Nicholson, 21 Vet. App. 319, 321-323 (2007); See also 38 C.F.R. § 4.71a, Diagnostic Code 5262 (providing the ratings for impairment of the tibia).

Service treatment records include an October 1970 record noting a knee problem he had for a year and requesting a no kneeling chit. Separation examination in August 1971 indicated the lower extremities were normal. The Board notes however that the Veteran is a combat Veteran and the provisions of 38 U.S.C.A. § 1154 (b) apply. 38 U.S.C.A. § 1154(b)(noting that in the case of any Veteran who has engaged in combat with the enemy in active service during a period of war, satisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, condition or hardships of such service, even though there is no official record of such incurrence or aggravation). The Veteran has testified that he first noticed knee pain during basic training during service. Although the Veteran's statements are not specifically related to combat, the Board notes that the Veteran is competent to report the presence and onset of pain and consideration must be given to the places, types and circumstances of his service. 38 U.S.C.A. § 1154 (a); Barr v. Nicholson, 21 Vet. App. 303 (2007). Furthermore, the Board finds the report of the onset of pain to be credible. Indeed, a lay statement of G.B. indicated the Veteran had problems with his knees while on the rifle range and the Veteran's brother has also reported that the Veteran began having problems with his knees during service. Lay statements of the Veteran's spouse also indicate that she recalled the Veteran having pain in his knees for the entire time she has known the Veteran (30+ years).

Although the July 2010 and August 2013 VA examinations concluded that the knee pain was less likely related to service, the Board finds these opinions to be less probative on the issue. Specifically, the examiners fail to consider the lay reports of continued pain and the report of treatment shortly after service in the 1970s. Indeed, the August 2013 VA examination was based on a factually inaccurate premise as it reported "no medical evidence of a knee problem during service." As noted above, the Veteran was seen for his knees in October 1970 and further testified that he had knee pain throughout service. Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (noting that a medical opinion based upon an inaccurate factual premise has no probative value); see also Dalton v. Nicholson, 21 Vet. App. 23 (2007) (holding that an examination was inadequate where the examiner did not comment on the Veteran's report of in-service injury but relied on the service medical records to provide a negative opinion).

Also of record are several statements of J.T.C., M.D. Dr. C. indicated in March 2012 that the Veteran saw his primary care physician Dr. O.W. for knee pain beginning in the 1970s but the records were no longer available. She further indicated that the Veteran reported the bilateral chronic knee pain began while he was training as a U.S. Marine. A June 2013 statement of Dr. C. indicated that it was more likely than not that the knee condition started when he was training. She indicated that the Veteran did not recover since then and his pain worsened. In October 2014 Dr. C. reiterated that she reviewed the service records, post service records, and lay statements of record and reiterated that it was more likely than not that the Veteran's knee condition started when he was training as a U.S. Marine.

Evaluating the evidence in light of the criteria for service connection, the Board finds that the evidence is at an approximate balance for a finding of continuity of symptomatology. Under the "benefit-of-the-doubt" rule, where there exists "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see also Massey v. Brown, 7 Vet. App. 204, 206-207 (1994). The mandate to accord the benefit of the doubt is triggered when the evidence has reached such a stage of balance. 

In this case, although the nexus opinions of Dr. C. do not contain complete rationales explaining the conclusion reached, the Board notes that the report reflects Dr. C. was well-informed of the Veteran's history, and the opinion was not equivocal in nature. Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and sound reasoning for the conclusion, not the mere fact that the claims file was reviewed). Furthermore, the Veteran has provided competent and credible testimony that the onset of pain was during basic training in service.

Resolving all reasonable doubt in his favor, as is required by the law, the Board concludes that the competent evidence of record reasonably supports the Veteran's claim, and that service connection for a bilateral knee disability is warranted.


ORDER

The issue of service connection for a back disorder is dismissed. 

The issue of service connection for a bilateral foot disorder is dismissed. 

Service connection for a right knee disability is granted. 

Service connection for a left knee disability is granted.



____________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs